Magistrate Judge Paula L. McCandlis

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CRISTOBAL MORALES-ORTIZ,<br><br>Defendant. | CASE NO. MJ25-205<br><br>COMPLAINT for VIOLATION<br><br>Title 8, U.S.C., Section 1326(a) |

BEFORE, United States Magistrate Judge PAULA L. McCANDLIS, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (Reentry of Removed Alien)

On April 2, 2025, in Whatcom County, within the Western District of Washington, CRISTOBAL MORALES-ORTIZ, an alien, a native and citizen of Mexico, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the express consent of the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

Complaint
*United States v. Cristobal Morales Ortiz* - 1
USAO # 2025R00432

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 8, United States Code, Section 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Jordan Dolan, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations (HSI). As a Special Agent, I am empowered by law to investigate and to make arrests for offenses enumerated in Title 8 of the United States Code. I have been a Special Agent with HSI since February 21, 2016. I was trained to conduct investigations relating to violations of federal law through attending the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Centers (FLETC) in Glynco, Georgia. While at FLETC, I received nearly 1000 hours of training in such areas including, but not limited to criminal law, human smuggling/trafficking investigations, and criminal procedures. I was trained to conduct investigations relating to violations of Title 8 of the United States Code.

2. Prior to being a Special Agent with HSI, I was employed as a Border Patrol Agent (BPA) with the United States Border Patrol (USBP), from September 1999 to May 2005. As a BPA, I conduced criminal investigations focusing on the entry without inspection and illegal re-entry of undocumented aliens as well as human smuggling of undocumented aliens across the United States border with Mexico.

3. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. This Affidavit is intended to merely show there is

Complaint
*United States v. Cristobal Morales Ortiz* - 2
USAO # 2025R00432

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sufficient probable cause for the above charge and does not set forth all my knowledge about this matter.

4.  As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that Cristobal MORALES-ORTIZ, who was previously removed from the United States, was found in the United States after knowingly and voluntarily reentering the United States without prior authorization to do so.

## **SUMMARY OF PROBABLE CAUSE**

5.  United States Citizenship and Immigration Services (USCIS) maintains an alien registration administration file, commonly referred to as an "A-file," A208-569-035, on Cristobal MORALES-ORTIZ (hereinafter "MORALES-ORTIZ"). This file is the official immigration file maintained by USCIS and is a consolidated repository of all known immigration contacts with MORALES-ORTIZ. It contains documents pertaining to his identity and alienage and shows that he is a native and citizen of Mexico.

6.  MORALES-ORTIZ's A-file contains official immigration records of the Department of Homeland Security, as well as records relating to MORALES-ORTIZ's criminal history. These records reflect the following:

   a. On January 11, 2016, a DHS official issued MORALES-ORTIZ an Expedited Removal Order. Pursuant to this order, MORALES-ORTIZ was physically removed from the United States to Mexico on January 12, 2016, by walking through the port of entry in Calexico, California.

   b. On January 26, 2016, DHS determined MORALES-ORTIZ was subject to removal from the United States through reinstatement of his prior January 11, 2016 removal order.

   c. On January 28, 2016, in the U.S. District Court, District of Arizona, MORALES-ORTIZ pleaded guilty to one count of Illegal Entry, in

Complaint
*United States v. Cristobal Morales Ortiz* - 3
USAO # 2025R00432

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

            violation of Title 8, USC § 1325(a)(1), and was sentenced to 60 days imprisonment (Case No. 16-CR-20710M).

        d. On March 26, 2016, MORALES-ORTIZ was again physically removed from the United States to Mexico, walking through the port of entry in Nogales, Arizona.

7. The above removal records bear the fingerprint, photograph, and signature of MORALES-ORTIZ as physical proof of his removal from the United States to Mexico.

8. On February 26, 2025, Homeland Security Investigations (HSI) Blaine, Washington served a Notice of Inspection (NOI) and administrative subpoena to the owner of Mt. Baker Roofing at 928 Thomas Rd, Bellingham, WA 98226. The NOI and subpoena requested Employment Eligibility Verification forms (I-9s) and identification documents for each employee.

9. On March 4, 2025, HSI received I-9s and identification documents for the employees at of Mt. Baker Roofing. Among those I-9 forms, HSI agents located a I-9 with MORALES-ORTIZ's name and known date of birth. Accompanying the I-9 was photocopy of Permanent Resident Alien card ("LPR card") that displayed MORALES-ORTIZ's biographical information and A-number A208-569-035, which is not an A-number assigned to MORALES-ORTIZ.

10. HSI agents conducted DHS systems and databases checks that showed that MORALES-ORTIZ was not, and had never been, a legal permanent resident, and that he had been previously removed from the United States.

11. On April 2, 2025, HSI, Enforcement and Removal Operations (ERO) officers, United States Border Patrol (USBP) agents, and Customs and Border Protection (CBP) officers executed a federal search warrant at Mt. Baker Roofing in Bellingham, Washington. During the warrant execution, agents questioned MORALES-ORTIZ and he admitted to being a citizen of Mexico with no legal documentation to remain in the

Complaint
*United States v. Cristobal Morales Ortiz* - 4
USAO # 2025R00432

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  United States. MORALES-ORTIZ was then placed under arrest for civil administrative
2  immigration violations and transported to ERO's office in Tukwila, Washington for
3  further interviewing and processing.
4        12.   At ERO Tukwila, agents took MORALES-ORTIZ's biographical
5  information including his photograph, fingerprints, name, and date of birth. ERO officers
6  submitted this information through the Immigration and Customs Enforcement (ICE)
7  computer systems. The systems checks indicated an automatic biometric fingerprint
8  match to MORALES-ORTIZ, assigned A-file A208-569-035. These systems also showed
9  that A-file A208-569-053 contained evidence of MORALES-ORTIZ's immigration
10 history into the United States, mentioned above.
11       13.   Agents have conducted a complete and thorough review of MORALES-
12 ORTIZ's A-file A208-569-035. MORALES-ORTIZ's A-file contains no evidence that
13 Defendant has ever applied for or received permission from the Attorney General or the
14 Secretary of the Department of Homeland Security to reenter the United States after
15 being removed.
16       14.   Based on the foregoing, I have probable cause to believe that Defendant
17 was found in the United States, after knowingly and voluntarily reentering the United
18 States without the express consent of the Attorney General and the Secretary of the
19 Department of Homeland Security, in violation of Title 8, United States Code, Section
20 1326(a).
21 //
22 //
23 //

Complaint  
*United States v. Cristobal Morales Ortiz* - 5  
USAO # 2025R00432

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

## CONCLUSION

15. Based on the above facts, I respectfully submit that there is probable cause to believe that Cristobal MORALES-ORTIZ has committed the aforementioned offense.

_____
Jordan Dolan, Complainant
Special Agent, Homeland Security
Investigations

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 10th day of April 2025

_____
HON. PAULA L. McCANDLIS
United States Magistrate Judge

Complaint
United States v. Cristobal Morales Ortiz - 6
USAO # 2025R00432

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970